# IN THE COURT OF APPEALS OF IOWA

No. 23-0210
Filed March 5, 2025

**MICHAEL HOWARD LANG,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Zachary Hindman, Judge.

The applicant appeals the summary dismissal of his ninth application for postconviction relief. **AFFIRMED.**

Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee State.

Considered by Greer, P.J., and Buller and Langholz, JJ.

**GREER, Presiding Judge.**

Michael Lang appeals the summary dismissal of his ninth application for postconviction relief (PCR) after a jury found him guilty of first-degree kidnapping in 1988. Under the statute of limitations for PCR filings, "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3 (2022). Procedendo issued on Lang's direct appeal in June of 1990, so the statute of limitations ran in 1993. Lang did not file this application until 2022. Unless an exception applies, the PCR application is time-barred. Because Lang failed to show an exception applies, his claim fails and we affirm the district court's dismissal of his PCR application.

Lang's sole argument on appeal is that because he raised a freestanding claim of actual innocence, the time-bar does not apply to his application. This argument misses the mark. Our supreme court first recognized the right to attack one's guilty plea "even though [the defendant] entered their plea[] knowingly and voluntarily" in *Schmidt v. State*, 909 N.W.2d 778, 781 (Iowa 2018).[1] This was a change in law. But the law change alone does not overcome the statute of limitations. *See McKinnon v. State*, No. 20-0209, 2021 WL 2452061, at *3 (Iowa Ct. App. June 16, 2021) ("While we acknowledge *Schmidt* is a new ground of law,

---

[1] Under the framework established in *Schmidt*, to succeed on the merits of an actual-innocence claim:

> the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, *including the newly discovered evidence*.

909 N.W.2d at 797 (emphasis added).

3

the *Schmidt* decision specifically includes a requirement the applicant could not have raised the new ground of fact within the three-year limitations period."); *Bryant v. State*, No. 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019) ("[The applicant's] effort to circumvent the time-bar runs head on into *Schmidt's* ground-of-fact analysis.").  Lang must still put forth evidence of a new ground of fact that is relevant to his first-degree robbery conviction to avoid the time-bar.  *See Quinn v. State*, 954 N.W.2d 75, 77 (Iowa Ct. App. 2020) ("*Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period.  The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period." (internal citations omitted)).

Because he failed to set forth any new ground of fact that could not have been discovered during the three-year window to file a timely PCR application, the summary dismissal of Lang's application was appropriate.  We affirm.

**AFFIRMED.**